IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; <br><br> INTERNATIONAL PAINTERS AND ALLIED TRADES ANNUITY PLAN; <br><br> TERRY NELSON, Trustee of the INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND AND ANNUITY PLAN; and <br><br> FINISHING TRADES INSTITUTE *fka* INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING FUND <br> 7234 Parkway Drive <br> Hanover, MD 21076 <br> Anne Arundel County, <br><br>       Plaintiffs, <br> v. <br><br> THE APOSTOLOS GROUP, INC., *doing business as*, THOMARIOS; <br><br> PAUL THOMARIOS, an individual; and <br><br> ADAM THOMARIOS, an individual, <br><br>       Defendants. | Case No. |

## COMPLAINT

### Parties

1. The International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and the International Painters and Allied Trades Annuity Plan ("Annuity Plan") are multiemployer benefit funds and employee benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(2),

(3), (21), § 1009(C) (1), (B), and §1132. The Trustees for the Pension Fund and the Annuity Plan are fiduciaries within the meaning of 29 U.S.C. §§1102(a) and 1002(16), (21). The Finishing Trades Institute ("FTI"), formerly known as the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund, is an employee benefit plan within the meaning of 29 U.S.C. §1002(37), (1), and (3). The Pension Fund, Annuity Plan and FTI are collectively referred to herein as the "ERISA Plaintiffs".

2. The Political Action Together Fund, which includes the Political Action Together Legislative and Educational Committee and the Political Action Together Political Committee (collectively "PAT Fund"), is an unincorporated association or fund established pursuant to 52 U.S.C. §30101 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

3. The Painters and Allied Trades Finishing First ("FF"), formerly known as the Labor Management Cooperation Initiative ("LMCI"), is a joint labor and management initiative and is an unincorporated organization established under 29 U.S.C. §186(c)(9) for one or more of the purposes set forth in section 5(b) of the Labor Management Cooperation Act of 1978. The PAT Fund and FF are hereinafter referred to as "Bargained Entities."

4. Plaintiff Terry Nelson ("Nelson") is a fiduciary of the Pension Fund and Annuity Plan within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions and other amounts due to all Plaintiffs. The Pension Fund and Nelson, in their capacities as authorized collection fiduciaries and agents, bring this action on behalf

of the Pension Fund, FTI, PAT Fund, FF, and Annuity. The ERISA Plaintiffs and the Bargained Entities are jointly and severally referenced herein as the "Plaintiffs" or the "Funds."  Plaintiffs are hereby authorized to collect International Administrative dues.

5. Defendant The Apostolos Group, Inc. does business as Thomarios ("Thomarios" or the "Company"), an Ohio corporation that maintains its principal place of business at One Thomarios Way, Copley, Ohio 44321.

6. Defendant Paul Thomarios ("P. Thomarios") is an adult individual with a business address at One Thomarios Way, Copley, Ohio 44321.  At all times relevant hereto, Defendant P. Thomarios has been an owner/principal of Defendant Thomarios and served as the company's President.

7. Defendant Adam Thomarios ("A. Thomarios") is an adult individual with a business address at One Thomarios Way, Copley, Ohio 44321. At all times relevant hereto, Defendant A. Thomarios has been an owner/principal of Defendant Thomarios and served as a Vice President of the company.

8. Defendant P. Thomarios and Defendant A. Thomarios shall herein be collectively referred to as the "Individual Defendants."

## Jurisdiction

9. Jurisdiction in this action arises under ERISA § 502 and 515, 29 U.S.C. § 1132, and 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA as a result of Defendant's failure to comply with the terms of its collective bargaining and/or other labor agreement(s), entered into with its affiliated local union and/or district council.

10.     Jurisdiction exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining and/or other labor agreement. The supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to the claims that lie under state law.

### Venue

11.     Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Plaintiff Pension Fund is administered in this district with its principal place of business in Hanover, Maryland. Thus, jurisdiction and venue are properly grounded with this Court.

12.     Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §185, as this Court has jurisdiction over the parties, as the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Common Facts

### Collective Bargaining Obligations

13.     Defendant Thomarios was party to or agreed to abide by the terms and conditions of a collective bargaining and/or other labor agreement(s) ("Bargaining Agreement") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades, AFL CIO, CLC (the local labor

4

union(s), district council(s) and International Union are referred to collectively as "Union").

14. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant Thomarios, Defendant Thomarios is required to regularly pay to the ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are required to be made on a timely basis during the month following the month in which the hours were worked and are considered delinquent if not received timely during that month. Defendant is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

15. The Bargaining Agreement and/or Trust Agreements further require that Defendant maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant Thomarios is making full and prompt payment of all sums required to be paid by Defendant Thomarios to Plaintiffs.

16. The Trust Agreement for the Pension Fund, Article I, expressly provides that: All [such] Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue, whether or not such Employer Contributions are collected or received by the Fund. No Contributing Employer has any right, title or interest to any sum payable by the Contributing Employer to the Fund, but

not yet paid into the Fund. Title to all Employer Contributions paid into and/or due and owing to the Fund shall be vested in the Trustees of the Fund.

## **Factual Allegations**

17. Plaintiffs conducted a payroll audit of Defendant Thomarios for the period from January 1, 2017 through August 31, 2022 (the "Audit"). The payroll audit found that Defendant Thomarios had failed to report and pay contributions to Plaintiffs for hours worked by its employees during the period from January 1, 2017 through August 31, 2022. Liquidated damages and interest are owed to Plaintiffs for all unpaid contributions during this period and audit costs are additionally due.

18. The Audit, through a combined audit report ("Combined Audit Report"), revealed a total of $2,141,276.04 in delinquent contributions owed, broken down as follows:

   a. $2,055,822.16 in delinquent contributions owed to the Fund;

   b. $31,236.47 in delinquent contributions to FIT;

   c. $31,236.47 in delinquent contributions to FF;

   d. $15,510.52 in delinquent contributions to PAT Fund;

   e. $7,347.00 for International Administrative Dues; and

   f. $123.43 in delinquent contributions to Annuity Plan.

19. In accordance with the terms of the Bargaining Agreement, Trust Agreement, Pension Plan, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Defendant Thomarios' failure to report and make payment of the delinquent contributions found due in the Combined Audit Report resulted in the following additional amount being incurred:

  a. $288,328.48 in total interest calculated through January 11, 2023 ($277,149.97 to the Fund, $4,287.69 to FTI, $4,287.69 to FF, $2,124.98 to PAT Fund, $466.75 for International Administrative Dues and $11.40 to Annuity Plan);

  b. $411,164.43 in total liquidated damages ($411,164.43 to the Fund, $6,247.29 to FTI, $6,247.29 to FF, $3,102.10 to PAT Fund, $1,469.40 for International Administrative Dues and $24.69 to Annuity Plan); and

  c. $32,583.71 in audit fees or costs ($32,583.71 to the Fund, $433.72 to FTI, $433.72 to FF, $216.86 to PAT Fund and $216.86 for International Administrative Dues).

20. Defendant Thomarios owes $2,891,744.60 in unpaid contributions, interest, liquidated damages and audit costs as found due by the Audit. Interest and will continue to accrue on the delinquent contributions from January 12, 2023 until paid in full.

21. Per Plaintiffs' Trust Agreements, interest accrues at a rate set by the Board of Trustees. Through January 31, 2023, the interest rate for unpaid delinquent contributions was calculated at the rate set forth in 26 U.S. Code § 6621. As of February 1, 2023, interest will accrue on all unpaid contributions at a rate of 10% per annum.

22. The auditors' findings showed that Defendant Thomarios was not accurately reporting hours worked, including overtime hours; was using multiple retired union employees to perform covered work and not reporting any of their hours or paying contributions as required and was otherwise concealing and/or underreporting hours worked under the bargaining agreements causing contributions owed to Plaintiffs to be withheld and unpaid.

7

23. Article I of the Trust Agreement for the Pension Fund also expressly provides that: "All [such] Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue, whether or not such Employer Contributions are collected or received by the Fund. No Contributing Employer has any right, title or interest to any sum payable by the Contributing Employer to the Fund, but not yet paid into the Fund. Title to all Employer Contributions paid into and/or due and owing to the Fund shall be vested in the Trustees of the Fund."

24. At all relevant times, as owners and executives of the company, Individual Defendants P. Thomarios and A. Thomarios are and were responsible for overseeing the reporting and payment of all contributions to the Funds for work covered under the Bargaining Agreement, including the submittal of monthly remittance reports and fringe benefit contributions to the Funds.

25. At all relevant times, as owners and executives of the company, Individual Defendants P. Thomarios and A. Thomarios caused contributions to the ERISA Funds to be withheld and unpaid.

26. Once the hours were worked by Defendant Thomarios' employees, the contributions were due and owing to Plaintiffs but instead were withheld or unpaid. Upon information and belief, Individual Defendants P. Thomarios and A. Thomarios authorized or acquiesced to the use or disposition of these plan assets by Defendant Thomarios.

27. Defendants have failed to satisfy their obligations to the Funds by paying the delinquent and unpaid contributions, liquidated damages, interest, and audit costs due.

## COUNT I
## CLAIM FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS
### Plaintiffs
### v.
### Defendant Thomarios

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

30. Defendant Thomarios is obligated, under the terms of the Bargaining Agreement, ERISA, and the Funds' governing documents, to report and pay contributions to the Funds on behalf of its employees performing covered work. Defendant Thomarios has failed and refused to fulfill its contractual obligations to report and pay contributions and resulting interest and liquidated damages as demonstrated by the Audit of Thomarios for the period from January 1, 2017 through August 31, 2022. The Audit revealed that Defendant Thomarios owes contributions, interest, and liquidated damages to the Funds. Interest continues to accrue on these delinquent contributions until paid. Audit costs have been assessed pursuant to the Funds' governing documents.

31. The Audit revealed that Defendant Thomarios owes contributions to the Funds in the total amount of $2,141,276.04 for the combined period of January 1, 2017, through August 31, 2022.

32. In addition to the contributions found due, Defendant Thomarios' failure to make payment on the delinquent contributions found owed under the audits resulted in the following interest, liquidated damages and audit costs calculated through January 11, 2023: $288,328.48 in interest; $428,255.21 in liquated damages; and $33,884.87 in total

9

audit costs.

33. In total, with interest calculated through January 11, 2023, Defendant Thomarios owes the Funds contributions, interest, liquidated damages, and audit costs totaling $2,891.744.60. Interest continues to accrue on the contributions from January 12, 2023 until paid in full at the current interest rate of 10% per annum.

34. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Funds are entitled to recover all costs of this action from Defendant Thomarios, including reasonable attorneys' fees and court costs.

35. Defendant Thomarios' continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendant Thomarios' failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## COUNT II
## BREACH OF FIDUCIARY DUTY
**Plaintiffs**
**v.**
**Defendants P. Thomarios and A. Thomarios**

36. The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully restated.

37. As set forth in more detail above, Defendant Thomarios was required to remit or make contributions to the ERISA Funds as required under the Bargaining Agreement, Trust Agreement, and Pension Plan documents.

38. The Audit conducted for the period from January 1, 2017, through August 31, 2022, revealed that contributions were and are owed to the ERISA Funds in the

amount of $2,141,276.04, yet were not remitted or paid to the ERISA Funds as required. Given the unambiguous language of the Pension Trust Agreement, once the hours are worked, contributions due and payable to the ERISA Funds are "plan assets" within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. § 1002(21)(a) whether or not the contributions are paid to ERISA Funds. Although contributions to the ERISA Funds were owed for and upon the performance of covered work, based on information and belief, as owners and executives of the company, Individual Defendants P. Thomarios and A. Thomarios caused contributions to the ERISA Funds to be withheld or unpaid and violated their duty of loyalty to the beneficiaries of the Funds.

39. Upon information and belief, as owners and executives of the company, Individual Defendants P. Thomarios and A. Thomarios authorized or acquiesced to the use or diversion of these plan assets by Defendant Thomarios for other purposes.

40. Because contributions once owed and due become assets of the ERISA Funds, and Individual Defendants P. Thomarios and A. Thomarios personally exercised authority or control with respect to the withholding, management or disposition of these assets, Individual Defendants P. Thomarios and A. Thomarios constitute fiduciaries under Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and under Section 409 of ERISA, 29 U.S.C. § 1109, and are therefore personally liable for injury and losses suffered by the ERISA Funds and subject to appropriate equitable relief.

41. Further, because ERISA Funds assets, in the form of due and owing contributions, were either diverted for other purposes or simply not paid as a result of Individual Defendant P. Thomarios' and Individual Defendant A. Thomarios' personal, discretionary control and management of such, Individual Defendants P. Thomarios and

A. Thomarios failed to act solely in the interest of the participants and beneficiaries of the ERISA Funds in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

42. As a direct and proximate result of Individual Defendant P. Thomarios' and Individual Defendant A. Thomarios' fiduciary breaches, the ERISA Funds suffered injury and losses set forth herein for which Individuals Defendants P. Thomarios and A. Thomarios are personally liable and subject to appropriate equitable relief, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109.

43. Defendants P. Thomarios and A. Thomarios owe the Funds principal, interest, liquidated damages, and audit costs totaling $2,891.744.60. Interest continues to accrue on the delinquent contributions from January 12, 2023 until paid in full.

**COUNT III**
**CLAIM FOR AN COMPLIANCE WITH PAYROLL AUDIT FOR THE PERIOD FROM MARCH 1, 2012 THROUGH DECEMBER 31, 2016; and SEPTEMBER 1, 2022 TO DATE OF INSPECTION**
**Plaintiffs**
**v.**
**Defendant Thomarios**

44. The allegations of Paragraphs 1 through 43 are incorporated by reference as if fully restated.

45. The Funds' Combined Audit Report includes contributions due and owing as incurred during the time period from January 1, 2017 through August 31, 2022.

46. Because the Funds' auditors found substantial delinquencies owed by Defendant Thomarios incurred as a result of certain payroll practices by Defendant Thomarios, the Funds have reason to believe that additional delinquencies exist both prior and subsequent to the time period included in the Combined Audit Report.

47. Because the Funds have not conducted any audit for the time period from

March 1, 2012 through December 31, 2016 or from September 1, 2022 to present/date of inspection, the Funds demand Defendant Thomarios present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records as requested by the Funds' auditor, pertaining to hours worked by such Defendant Thomarios' covered employees for the time period March 1, 2012 through December 31, 2016 and from September 1, 2022 to the date of inspection, to enable the Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant Thomarios to the Funds.

48.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant Thomarios. The Funds expressly reserve the right to pursue any such withdrawal liability claims against Defendant Thomarios as provided by ERISA and the Plan Documents, Trust Agreements, and the law.

WHEREFORE, Plaintiffs respectfully request that the Court:

(1)     Declare that Defendant Thomarios is delinquent in remitting owed contributions as found due by the Combined Audit Report in the amount of $2,141,276.04 for the period from January 1, 2017 through August 31, 2022;

(2)     Declare that Defendant Thomarios owes interest, liquidated damages, and audit costs to the Funds as set forth in the combined audit report and as accrued until the date paid or the date of the judgment on all unpaid delinquent contributions;

(3)     Declare that Defendant P. Thomarios is a fiduciary with respect to the Plaintiff ERISA Funds;

(4)     Declare that Defendant A. Thomarios is a fiduciary with respect to the

Plaintiff ERISA Funds;

(5)     Declare that Individual Defendants P. Thomarios and A. Thomarios acted in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), by failing and refusing to remit contributions to Plaintiff ERISA Funds and therefore, are personally liable for injury and losses to Plaintiff ERISA Funds and subject to appropriate equitable relief;

(6)     Enter judgment against Defendants for delinquent contributions found to be due on audit for the period from January 1, 2017, through August 31, 2022, in the total amount of $2,141,276.04;

(7)     Enter judgment against Defendants for the interest incurred on all delinquent contributions found due on audit at the rate set forth in 26 U.S. Code § 6621 per day through January 31, 2023, then at a rate of 10% per annum beginning on February 1, 2023, from the date due until the date paid or the date of the judgment in the amount of at least $288,328.48 (interest calculated through January 11, 2023);

(8)     Enter judgment against Defendants for the liquidated damages owed on audit in an amount equal to the greater of the amount of interest charged on the unpaid contributions or twenty percent (20%) of the unpaid contributions in the amount of at least $428,255.21;

(9)     Enter judgment against Defendants for audit costs in the total amount of $33,884.87;

(10)    Enter judgment against Defendants for all attorneys' fees and costs incurred by the ERISA Funds in pursuing the delinquent contributions and amounts owed as a result of the audit of Defendant Thomarios as provided by Section 502(g) of ERISA;

  (11) Enter judgment against Defendants for any and all other interest and liquidated damages that may accrue through the date of the Court's entry of judgment in this case as a result of Defendants' continued failure to make payment on the delinquent contributions found owed pursuant to the audit;

  (12) Enter judgment against Defendants for all attorneys fees and costs incurred by the ERISA Funds in pursuing the delinquent contributions and amounts owed as a result of the audit of Defendant Thomarios;

  (13) Enter an order:

    (a) requiring that Defendant Thomarios comply with its obligations to the Funds under the terms of the Bargaining Agreement and the Trust Agreement;

    (b) enjoining Defendant Thomarios from violating the terms of those documents and ERISA;

    (c) enjoining Defendant Thomarios, Defendant P. Thomarios and A. Thomarios from disposing of any assets until said terms have been complied with; and

    (d) providing that this Court will retain jurisdiction of this cause and of the parties hereto pending compliance with its order(s); and

    (e) requiring Defendant Thomarios to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Thomarios' covered employees for the time period March 1, 2012 through December 31, 2016, the time period immediately proceeding the time period of the Combined Audit Report and for the period from September 1, 2022 through the date of inspection to enable Plaintiffs to verify the accuracy of the amounts paid and/or due and owing by Defendant Thomarios to the Plaintiffs for that time period.

Award such other or further relief, legal or equitable, as deemed just, necessary or appropriate.

(14)   Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, including those found due on timecards, audit, or otherwise, and estimated contributions for any months Defendant Thomarios failed to report to Plaintiffs, through the time of Judgment, including those specified above. Plaintiffs reserve the right to conduct an audit or an additional audit to determine whether there are any additional amounts due from Defendant Thomarios.

TUCKER ARENSBERG

Date: February 17, 2023

*/s/ Michele R. Stafford*
Michele R. Stafford, Esquire
MD District Court Bar ID:  30290
mstafford@tuckerlaw.com

1098 Foster City Blvd, Suite 106 #700
Foster City, CA 94404
(650) 514-6238

Ian Grecco, Esquire
MD District Court Bar No.: 30356
igrecco@tuckerlaw.com
Christopher J. Parker Jr., Esquire
MD District Court Bar No.: 30519
cparker@tuckerlaw.com

1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212

Attorneys for Plaintiffs

TADMS:11352765-3 037926-195495