IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND     *
ALLIED TRADES INDUSTRY
PENSION FUND et. al,                 *

        Plaintiffs,                 *       Civil Action No. GLR-23-440

v.                                 *

THE APOSTOLOS GROUP, Inc. d/b/a   *
THOMARIOS et. al,
                                *
        Defendants.

                      ***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Paul Thomarios and Adam Thomarios' Motion to Dismiss (ECF No. 11) and Defendant Apostolos Group, Inc. d/b/a Thomarios' ("Thomarios") Partial Motion to Dismiss (ECF No. 12). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motions.

## I.     BACKGROUND[1]

According to the Complaint, Defendant Thomarios was a party to or otherwise agreed to abide by the terms of a collective bargaining agreement with a local union or district council affiliated with the International Union of Painters and Allied Trades. (Comp. ¶ 13, ECF No. 1). The terms of the agreement required Thomarios to make timely contributions to Plaintiffs the International Painters and Allied Trades Industry Pension Fund, Annuity

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plan, and Finishing Trade Institute (FTI) (collectively, the "Funds") based upon hours worked by Thomarios' employees covered under the collective bargaining agreement. (Id. ¶¶ 13–14). During a payroll audit for the period of January 1, 2017 through August 31, 2022, the Funds found that Thomarios had misreported covered work and failed to pay appropriate contributions to the Funds, which resulted in a delinquency of $2,141,276.04. (Id. ¶¶ 17–18).

Individual Defendants Paul Thomarios and Adam Thomarios (collectively, the "Individual Defendants") are owners and principles of Thomarios and serve as the company's President and Vice president, respectively. (Id. ¶¶ 6–7). The Complaint alleges that "as owners and executives of the company," at all relevant times, they were responsible for "overseeing the reporting and payment of all contributions . . . including the submittal of monthly remittance reports and fringe benefit contributions to the Funds." (Id. ¶ 24).

Following the audit, the Funds and Terry Nelson, as Trustee of the International Painters and Allied Trades Industry Pension Fund and Annuity Plan, (collectively, "Plaintiffs") filed a Complaint in this Court on February 17, 2023 (ECF No. 1). The Complaint asserts claims against Thomarios for unpaid contributions in violation of "Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185" and against the Individual Defendants for violations of ERISA fiduciary duties under 29 U.S.C. § 1104(a)(1)(A). (Id. ¶¶ 28–43). The Funds seek damages and an order requiring Thomarios to present records or submit to an audit for periods March 1, 2012 through December 31, 2016 and September 1, 2022 through present. (Id. ¶ 48(6)–(13)). The Individual Defendants filed a Motion to Dismiss on May

15, 2023, (ECF No. 11), and Thomarios filed a Partial Motion to Dismiss and an Answer that same day, (ECF Nos. 12, 13).[2] Plaintiffs filed Oppositions to the respective Motions to Dismiss on June 5, 2023, (ECF Nos. 17, 18), and Individual Defendants and Thomarios filed replies on June 27, 2023, (ECF Nos. 19, 20).

## II.   DISCUSSION

### A.   Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Because Thomarios' Partial Motion to Dismiss was filed contemporaneously with an Answer to the Complaint, it will be treated as a motion for judgment on the pleadings. See Fed.R.Civ.P. 12(c); Ross v. Prince George's Cnty., MD, No. DKC 11-1984, 2012 WL 1204087, at *2 (D.Md. Apr. 10, 2012)("When a party files a Rule 12(b)(6) motion to dismiss contemporaneously with or after its answer to a complaint or counterclaim, the motion . . . is properly construed as a motion for judgment on the pleadings pursuant to Rule 12(c)."). The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014).

defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**B.    Analysis**

**1.    Motion to Dismiss the Individual Defendants**

The Individual Defendants move to dismiss Plaintiffs' Complaint against them for failure to state a claim because Plaintiffs have not sufficiently alleged that the Individual Defendants acted as ERISA fiduciaries to Thomarios (Mem. L. Supp. Defs. Paul Thomarios' and Adam Thomarios' Mot. Dismiss ["Indiv. Defs. Mot."] at 1, ECF No. 11-1).

Under ERISA, a fiduciary is defined in 29 U.S.C § 1002(21)(A), as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

A person may be a fiduciary by (1) "being expressly identified in the plan documents . . . as having the authority to control and manage the operation and administration of the plan" or (2) "by performing specified discretionary functions with respect to the plan's management, assets, or administration of a plan in a de facto capacity." In re Mut. Fund Inv. Litig., 403 F.Supp.2d 434, 445 (D.Md. 2005) (citing Custer v. Sweeney, 89 F.3d 1156, 1161 (4th Cir. 1996)). Because Plaintiffs do not allege that any plan documents expressly designate the Individual Defendants as fiduciaries, only de facto fiduciary status is at issue here.

Corporate officers "do not become fiduciaries solely by virtue of their corporate position, even if the corporation is a fiduciary, 'unless it can be shown that they have individual discretionary roles as to plan administration.'" In re Mut. Fund Inv. Litig., 403 F.Supp.2d at 447 (quoting Confer v. Custom Eng'g Co., 952 F.2d 34, 37 (3d Cir. 1991)); see Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994) (stating that discretion is the "linchpin of fiduciary status under ERISA"). Additionally, a corporate officer who performs only "ministerial duties on behalf of the plan" is not a fiduciary. In re Mut. Fund Inv. Litig., 403 F.Supp.2d at 447–48. "[B]ald allegations that an officer had

discretionary authority or control over the plan assets are insufficient, 'without a proffer of some factual basis for concluding that a given entity possessed such discretionary authority.'" Int'l Painters & Allied Trades Indus. Pension Fund v. Clayton B. Obersheimer, Inc., No. ELH-12-1000, 2013 WL 594691, at *7 (D.Md. Feb. 13, 2013) (quoting In re Mut. Fund Inv. Litig., 403 F.Supp.2d at 447).

Plaintiffs do not allege that the Individual Defendants rendered investment advice or were responsible for administering the plan itself, so the only applicable definition of fiduciary is one who exercises discretion in "management or disposition" of a plan or its assets. 29 U.S.C § 1002(21)(A)(i). "[T]he 'management or disposition' language found in ERISA's definition of a fiduciary 'refers to the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on.'" Clayton B. Obersheimer, 2013 WL 594691, at *7 (quoting In re Luna, 406 F.3d 1192, 1204 (10th Cir. 2005) (cleaned up)). "[T]he mere discretion whether to pay debts owed to an employee benefit plan . . . does not suffice to confer fiduciary status under ERISA." Clayton B. Obersheimer, 2013 WL 594691, at *7 (quoting In re Luna, 406 F.3d at 1206).

Courts, including this Court, considering analogous factual situations concluded that owners and officers of an employer that had failed to timely make contributions to employee benefit funds as outlined in collective bargaining agreements were not ERISA fiduciaries. See e.g., Clayton B. Obersheimer, 2013 WL 594691; In re Luna, 406 F.3d. The Complaint alleges that the Individual Defendants "are and were responsible for overseeing the reporting and payment of all contributions to the Funds for work covered under the

Bargaining Agreement," "caused contributions to the ERISA Funds to be withheld and unpaid," and "authorized or acquiesced to the use or disposition of these plan assets." (Compl. ¶¶ 24–26). Plaintiffs do not allege that the Individual Defendants had any involvement selecting investments, exchanging assets, or otherwise engaging in "common transactions in dealing with a pool of assets." Clayton B. Obersheimer, 2013 WL 594691, at *7 (quoting In re Luna, 406 F.3d at 1204).

Plaintiffs' allegations are not sufficient to show that the Individual Defendants exercised discretionary authority in managing or disposing of plan assets. Plaintiffs' allegations that the Individual Defendants "are and were responsible for overseeing the reporting and payment of all contributions to the Funds for work covered under the Bargaining Agreement," and "authorized or acquiesced to the use or disposition of these plan assets," (Compl. ¶¶ 24–26), are threadbare recitals of the statute similar to the allegations that this Court dismissed in Clayton B. Obersheimer. As in Clayton B. Obersheimer, "[t]he plaintiffs do not explain how the officers had authority or control regarding the plan assets." 2013 WL 594691, at *9; see also Custer, 89 F.3d at 1162 (4th Cir. 1996) ("to determine whether Custer has sufficiently alleged Sweeney's status as an ERISA fiduciary, we must discern from Custer's amended complaint the functions that Sweeney allegedly performed."). Plaintiffs point to Paragraph 22 of the Complaint to show that they alleged how the Individual Defendants had discretion in managing plan assets, which states as follows:

> The auditors' findings showed that Defendant Thomarios was not accurately reporting hours worked, including overtime

> hours; was using multiple retired union employees to perform
> covered work and not reporting any of their hours or paying
> contributions as required and was otherwise concealing and/or
> underreporting hours worked under the bargaining agreements
> causing contributions owed to Plaintiffs to be withheld and
> unpaid.

(Compl. ¶ 22; Pls.' Mem. Opp'n Individual Defs. Mot. Dismiss ["Indiv. Defs. Opp'n"] at

15, ECF No. 18). That paragraph only mentions the Thomarios corporation itself, not the

Individual Defendants, and cannot support claims against the Individual Defendants. (See

Compl. ¶ 22).

Plaintiffs' allegation that the Individual Defendants "caused contributions to the

ERISA Funds to be withheld and unpaid" also does not support their fiduciary status.

(Compl. ¶ 25). Courts have consistently held that non-payment of contributions to a benefit

fund does not confer fiduciary status. See Clayton B. Obersheimer, 2013 WL 594691, at

*7; In re Luna, 406 F.3d at 1208; Sheet Metal Loc. 98 Pension Fund v. AirTab, Inc., 482

F.App'x 67, 69 (6th Cir. 2012) (defendants' "refusal to pay the funds as required under the

[collective bargaining agreement] does not rise to the level of exercising discretionary

control or authority such that fiduciary status attaches."); Chi. Dist. Council of Carpenters

Pension Fund v. Angulo, 150 F.Supp.2d 976, 978–79 (N.D.Ill. 2001) ("This Court cannot

credit the notion that every delinquent employer's nonpayment of a contribution equates

to its exercising its control over the 'disposition' of a plan's assets, so as to impose fiduciary

liability by reason of the nonpayment.").

Plaintiffs make mere conclusory allegations rather than alleging specific facts to

support their claim that the Individual Defendants had ERISA fiduciary status. "[T]he

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"
Iqbal, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As such, the claims against the
Individual Defendants will be dismissed without prejudice.[3]

### 2.      Motion to Dismiss as to Count III

Thomarios moves to dismiss Count III of the Complaint, which seeks an audit for
periods March 1, 2012 through December 31, 2016 and September 1, 2022 through present.
(Mem. L. Supp. Thomarios Partial Mot. Dismiss ["Thomarios Mot."] at 1, ECF No. 12-1;
Compl. ¶ 48(6)–(13)). Thomarios argues that the claim should be dismissed because an
audit request is a remedy, not a separate cause of action. (Reply Supp. Thomarios Mot.
["Thomarios Reply"] at 7, ECF No. 20).

ERISA authorizes courts to grant "such other legal or equitable relief as the court
deems appropriate" in delinquent contribution cases. 29 U.S.C. § 1132(g)(2)(E). In the
statute, this "equitable relief" is listed under other remedies including "[a]ttorney's fees

---

[3] Because the Court finds that the Complaint does not sufficiently allege the
Individual Defendants were fiduciaries under ERISA, it need not determine whether the
alleged unpaid employer contributions to the plan constitute "plan assets." The Court is
aware that the Department of Labor has issued informal guidance that "employer
contributions become an asset of the plan only when the contribution has been made."
Employee Benefits Sec. Admin., U.S. Dep't of Labor, Field Assistance Bulletin 2008–1,
at 1–2 (Feb. 1, 2008); see also U.S. Dep't of Labor, Advisory Op. No. 1993–14A (May 5,
1993); U.S. Dep't of Labor, Advisory Op. No. 2005–08A (May 11, 2005). As this Court
explained in Clayton B. Obersheimer, "[d]espite the Department's interpretation, there is
support in federal appellate case law for the proposition that unpaid employer contributions
may be considered assets of an ERISA plan if 'the agreement between the fund and the
employer specifically and clearly [so] declares.'" 2013 WL 594691, at *6 (quoting ITPE
Pension Fund v. Hall, 334 F.3d 1011, 1013 (11th Cir. 2003)).

and costs; awards in actions involving delinquent contributions." 29 U.S.C. § 1132(g). Courts have held that this equitable relief includes injunctive relief requiring defendants to "permit, and cooperate with, an audit of its books and records." Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, 635 F.Supp.2d 21, 26 (D.D.C. 2009) (quoting Flynn v. Mastro Masonry Contractors, 237 F.Supp.2d 66, 70 (D.D.C. 2002)).

"[A] request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in . . . the substantive counts." Simone v. VSL Pharm., Inc., No. TDC-15-1356, 2017 WL 66323, at *10 (D.Md. Jan. 5, 2017) (quoting Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 682 n.1 (D.Md. 2001)) (alteration in Simone omitted); see also Doe v. Salisbury Univ., 107 F.Supp.3d 481, 493 (D.Md. 2015). There remains a claim in the Complaint for which Plaintiffs may be able to obtain injunctive relief, and a motion to dismiss is not the appropriate stage to determine whether monetary damages would constitute sufficient relief. See Dwoskin v. Bank of Am., N.A., 850 F.Supp.2d 557, 574 (D.Md. 2012). To the extent that Plaintiffs assert injunctive relief as a separate cause of action, Thomarios' Motion to Dismiss is granted, and that count is dismissed. See Telogis, Inc. v. InSight Mobile Data, Inc., No. PWG-14-563, 2014 WL 7336678, at *6 (D.Md. Dec. 19, 2014). To the extent that Plaintiffs seek injunctive relief as a remedy for their remaining cause of action (Count I), the request remains a part of the Complaint. See id.; see also

<u>MCS Servs., Inc. v. Jones</u>, No. WMN–10–1042, 2010 WL 3895380, at *1 n. 4 (D.Md. Oct. 1, 2010) (a request for injunctive relief "need not be addressed" on a motion to dismiss).[4]

## III.   CONCLUSION

For the foregoing reasons, the Court will grant the Individual Defendants' Motion to Dismiss (ECF No. 11), and the Court will grant Thomarios' Partial Motion to Dismiss Count III (ECF No. 12). A separate Order follows.

Entered this 4th day of March, 2024.


_____/s/_____
George L. Russell, III
United States District Judge


_____

[4] Because the Court finds that Count III is not a standalone cause of action, the Court declines to consider Thomarios' arguments that Plaintiffs fail to state a claim upon which relief can be granted as to this count. (Thomarios Mot. at 2–6.)